IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Darren S. Simmons, | ) Case No. 8:11-cv-00703-RMG-JDA |
| | ) |
| Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| v. | ) |
| | ) |
| Nurse Shelly Stokes; MD Beinar, KCI; | ) |
| DHO Annie Mae Sellars; and | ) |
| Officer T. David,[1] | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the Court on a motion to dismiss filed by Plaintiff[2] [Doc. 12], motions for injunctive relief filed by Plaintiff [Docs. 14, 30], motions for default judgment filed by Plaintiff [Docs. 35, 57, 70], and a motion for summary judgment filed by Defendants[3] [Doc. 48]. Plaintiff is proceeding pro se and brought this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pre-trial proceedings in prisoner petitions for relief under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

---

[1] Although Plaintiff's original Complaint and Amended Complaint listed additional Defendants, pursuant to Plaintiff's motion to dismiss [Doc. 69] and this Court's Order dated October 6, 2011 [Doc. 85], the only remaining Defendants in this action are Defendants Stokes, Beinar, Sellars, and David [*id.* at 2.] Accordingly, the Court will address Plaintiff's allegations only as to these Defendants.

[2] Plaintiff later filed a document captioned "voluntary dismissal" [Doc. 69], which the Court ordered Plaintiff to clarify [Doc. 71]. Plaintiff's response clarified that Plaintiff wished to dismiss all Defendants except those who currently remain in the case. [Doc. 83.] Because Plaintiff stated his desire to pursue the action against the four remaining Defendants, the Court recommends finding as moot Plaintiff's initial motion to dismiss [Doc. 12].

[3] The motion for summary judgment was filed on behalf of all Defendants who remained in the case as of the date of filing the motion. The Court now addresses the motion for summary judgment only as to Defendants Stokes, Beinar, Sellars, and David. *See supra* note 1.

## BACKGROUND

Plaintiff filed this action on February 14, 2011 in the South Carolina Court of Common Pleas for Marlboro County,[4] generally alleging a violation of due process, retaliation, deliberate indifference to medical needs, a violation of equal protection, and a failure to follow grievance policies. [Docs. 1-1, 18.] At all times relevant to this action, Plaintiff was in the custody of the South Carolina Department of Corrections ("SCDC") and is currently housed at the Evans Correctional Institution ("ECI"). [Doc. 18 ¶ 3.] Plaintiff specifically alleges unlawful confinement by Defendant Sellers after a hearing based on a falsified incident report filed by Defendants David and Stokes in retaliation for Plaintiff seeking redress for Defendant Stokes's denial of certain medical treatment. [*Id.* ¶ 10.] Plaintiff further alleges he was denied due process during the hearing. [*Id.* ¶ 11.] Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and injunctive relief pursuant to 28 U.S.C. §§ 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. [*Id.* ¶ 1.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under

---

[4] On March 23, 2011, Defendants removed Plaintiff's action to this Court based on the Court's federal question jurisdiction under 28 U.S.C. § 1331. [Doc. 1.]

2

this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

4

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual

disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Exhaustion of Administrative Remedies**

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the Supreme Court observed:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review

6

> might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (internal citations and quotations omitted). Consequently, the PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 524, 532. The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). An inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002); *see also White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (upholding dismissal of an inmate's complaint because the inmate failed to proceed beyond the first step in the administrative grievance process). *But see Jones*, 549 U.S. at 219–24 (rejecting "total exhaustion rule" and holding that when presented with a complaint containing exhausted and unexhausted claims, courts should "proceed[] with the good and leave[] the bad"). Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes Step 2 of the SCDC grievance procedure, and § 1997e(a) does not require inmates to further appeal to South Carolina's Administrative Law Court. *See, e.g., Ayre*

7

*v. Currie*, No. 05-3410, 2007 WL 3232177, at *7 n.5 (D.S.C. Oct. 31, 2007); *Charles v. Ozmint*, No. 05-2187, 2006 WL 1341267, at *4 (D.S.C. May 15, 2006).

## DISCUSSION

**Motions for Injunctive Relief Filed by Plaintiff**

In his motion for a preliminary injunction, Plaintiff regurgitates the allegations of his Complaint but does not ask that any action be enjoined.[5] [Doc. 14.] In his motion for a temporary restraining order and injunction, Plaintiff, as far as the Court can decipher from the pleadings and with respect to the Defendants remaining in the case, seeks (1) to enjoin officers and others from engaging in retaliatory conduct [Doc. 30 at 2]; (2) to enjoin officials from interfering with Plaintiff in any "discriminatory or retali[a]tory or har[]assment way" [*id.*]; (3) to restrain all officials working on the yard from any and all actions of harassment and from hindering or preventing Plaintiff access to the education building [*id.* at 3]; (4) to remove any restrictions to Plaintiff receiving medical treatment [*id.* at 4]; (5) to order that treatment only be given by particular nurses [*id.* at 5]; (6) and to order that DHO hearing tapes #38 and #39 be released and to allow Plaintiff adequate time to listen to them [*id.* at 7].[6] The Court finds no merit in Plaintiff's requests for injunctive relief.

Usually, a preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit [and] ultimately to preserve the court's ability to

---

[5] The Court notes Plaintiff states he "may have to request a preliminary injunction" and he is "giving the court advance notice that a perm[a]nent TRO/restraining order against some of Defendants['] subordinates may be needed." [Doc. 14.]

[6] In an effort to determine whether Plaintiff has alleged facts that would support injunctive relief, the Court reviewed Docket Entry Numbers 14, 15, 16, 17, 23, 30, 31, and 34. While each and every action Plaintiff seeks to enjoin may not be listed verbatim, the Court attempts to provide at least a category of complaints from the above-listed documents that would be inclusive of the numerous actions for which Plaintiff seeks Court interference.

render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 525 (4th Cir. 2003). However, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citing *Interstate Commerce Comm'n v. Baltimore & Annapolis R.R. Co.*, 64 F.R.D. 337 (D. Md. 1974)). Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Microsoft*, 333 F.3d at 526.

In any event, a TRO or preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Coucil, Inc.*, 555 U.S. 7, 23 (2008) (citing *Munaf v. Green*, 553 U.S. 674, 689–90 (2008)). To obtain a TRO or preliminary injunction, a plaintiff must show four elements:

    1)    he is likely to succeed on the merits,

    2)    he will suffer irreparable harm if the TRO or preliminary injunction is not granted,

    3)    the balance of equities favors him, and

    4)    the TRO or injunction is in the public interest.

*Id.* at 20; *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (citing *U.S. ex rel. $12,642.00 U.S. Currency v. Com. of Va.*, No. 2:03-cv-724, 2003 WL 23710710, at *1 (E.D. Va. Dec. 10, 2003) ("The standard for granting either a TRO or a preliminary injunction is the same."); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*,

575 F.3d 342, 345–47 (4th Cir. 2009) (explaining how the *Winter* standard for preliminary injunctions is different from the standard previously applied in the Fourth Circuit), *judgment vacated and remanded*, 130 S. Ct. 2371 (2010), *in light of Citizens United v. Fed. Election Comm'n*, 130 S. Ct. 876 (2010). The plaintiff must establish all four elements to receive injunctive relief. *Winter*, 555 U.S. at 20.

Under *Winter*, the Supreme Court requires "that the plaintiff make a clear showing that [he] will likely succeed on the merits at trial." *Real Truth About Obama, Inc.*, 575 F.3d at 346 (citing *Winter*, 555 U.S. at 20). Moreover, the party seeking the injunction must make a clear showing that it will likely suffer irreparable harm without an injunction. *Id.* at 347 (citing *Winter*, 555 U.S. at 20). Further, the Supreme Court in *Winter* emphasized the public interest requirement, requiring courts to pay "'particular regard for the public consequences in employing the extraordinary remedy of injunction.'" 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

After a thorough review of Plaintiff's verbose, rambling pleadings and supporting documentation filed in this case, the Court has found no evidence to corroborate or support Plaintiff's claims of retaliation, discriminatory treatment, or medical exigency. Further, Plaintiff has failed to allege or show he will suffer irreparable harm if the injunctive relief is not granted, that he is likely to succeed on the merits of the underlying action, or that granting the preliminary injunction is in the public interest. Plaintiff is improperly seeking to have the Court substitute Plaintiff's judgment for that of the prison officials and to give Plaintiff control over the course of his medical treatment. Because the Court finds Plaintiff

has failed to show either success on the merits or irreparable harm, his motions for injunctive relief should be denied.

**Motion for Summary Judgment Filed by Defendants—Failure to Exhaust Administrative Remedies**

Whether Plaintiff exhausted his administrative remedies is unclear from the face of the Complaint and was not sufficiently addressed by either Plaintiff or Defendant. Plaintiff claims he filed both Step 1 and Step 2 grievances regarding "Ms. Jacob" cancelling sick call and that he did receive a final agency decision on June 23, 2010. [Doc. 18 at 11.] According to the affidavit of Defendant Sellars, the incidents at issue in Plaintiff's Amended Complaint occurred on January 14 and 15, 2011, and Plaintiff, in both instances, was charged with a violation of section 854 of the inmate disciplinary code, exhibitionism/public masturbation. [Doc. 48-6 ¶¶ 6–7.] A hearing was conducted on January 26, 2011 regarding the January 15, 2011 charge; a subsequent hearing was held on January 28, 2011 for the January 14, 2011 charge. [*Id.* ¶¶ 7–8.] There is no evidence from either Plaintiff or Defendants regarding whether Plaintiff filed any grievances related to Plaintiff's claims against the remaining named Defendants or whether Plaintiff filed this action before those grievances could even be processed to completion.[7] While Defendants raised failure to exhaust in their answer [Doc. 32 ¶ 24], they did not address the issue in the motion for

---

[7] As discussed above, an inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983," *Pozo*, 286 F.3d at 1024, i.e., the exhaustion requirement mandates that an inmate properly complete all steps of the administrative process available to him, *see, e.g.*, *McCoy v. Goord*, 255 F. Supp. 2d. 233, 246 (S.D.N.Y. 2003) (citation omitted). Courts within this District have found an inmate exhausts his administrative remedies when he completes Step 2 of the SCDC grievance procedure with respect to a claim. *See, e.g.*, *Ayre v. Currie*, No. 05-3410, 2007 WL 3232177, at *7 n.5 (D.S.C. Oct. 31, 2007); *Charles v. Ozmint*, No. 05-2187, 2006 WL 1341267, at *4 (D.S.C. May 15, 2006). Here, Plaintiff attached one grievance to his numerous filings [Doc. 34-1]; however, this Step 1 grievance deals with a 2009 incident where Plaintiff was found guilty of a section 854 charge (exhibitionism).

summary judgment. Before reaching the merits, the Court finds it necessary to determine whether Plaintiff failed to exhaust his administrative remedies. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682–83 (4th Cir. 2005) (holding that, except in rare circumstances where failure to exhaust is apparent from the face of the complaint, district courts may raise the issue of exhaustion of remedies sua sponte as long as they provide petitioners an opportunity to respond.). Thus, the Court recommends that Defendants' motion for summary judgment be denied without prejudice and with leave to refile to provide the parties an opportunity to address whether Plaintiff exhausted his administrative remedies with respect to each claim against each Defendant.

**Motions for Default Judgment Filed by Plaintiff**

Plaintiff argues the Court should enter default judgment pursuant to Federal Rule of Civil Procedure 55. [Doc. 35.] The Court disagrees.

Pursuant to 28 U.S.C. § 1446,

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

As for the timing of answering the complaint, Rule 81 of the Federal Rules of Civil Procedure provides,

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>
> (A) 21 days after receiving– through service or otherwise– a copy of the initial pleading stating the claim for relief;

>> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) 7 days after the notice of removal is filed.

Plaintiff filed this action on February 14, 2011, in the Marlboro County Court of Common Pleas. [Doc. 1-1.] Defendants received a copy of the filed Summons and Complaint on February 22, 2011. [Docs. 1, 44.] Defendants filed a Notice of Removal and Local Rule 26.01 Answers to Interrogatories with this Court on March 23, 2011 [Docs. 1, 2] and an Answer one day later on March 24, 2011 [Doc. 8]. The removal was filed and served within the requisite thirty-day period. The Answer was due seven days from the date the notice of removal was filed, making it due on March 30, 2011. Defendants filed their Answer on March 24, 2011. Accordingly, Defendants have properly appeared and responded to Plaintiff's Complaint, and Plaintiff's motion for default judgment [Doc. 35] should be denied.

Plaintiff's subsequent motions for default judgment [Docs. 57, 70] appear to be based on Plaintiff's erroneous belief that the Court previously entered default. However, the Court never entered a default or a default judgment in this case. Moreover, for the same reasons discussed above, Plaintiff's later motions for default judgment [Docs. 57, 70] should be denied.

**RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that Plaintiff's motion to dismiss [Doc. 12] be FOUND AS MOOT; Plaintiff's motions for injunctive relief [Docs. 14, 30] be DENIED; Defendants' motion for summary judgment [Doc. 48] be DENIED without prejudice and with leave to refile; and Plaintiff's motions for default judgment [Docs. 35, 57, 70] be DENIED. If the District Court adopts this recommendation, this Court recommends Defendants be directed (1) to address whether Plaintiff exhausted his administrative remedies with respect to his claims against the remaining Defendants and (2) to include their alternative arguments presented in the first motion for summary judgment.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 3, 2011
Greenville, South Carolina