IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren S. Simmons, | Civil Action No.: 8:11-cv-703-RMG |
| Plaintiff, | |
| v. | ORDER |
| Nurse Shelly Stokes; MD Beinar, KCI; DHO Annie Mae Sellars; and Officer Timothy David, | |
| Defendants. | |

In this case, Plaintiff seeks relief from Defendants pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and is proceeding in this case *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d)&(e), DSC, this case was referred to the United States Magistrate Judge for all pretrial proceedings. Numerous motions were filed by the parties, and on November 3, 2011, the Magistrate issued a Report and Recommendation regarding the disposition of those motions. (Dkt. No. 91). Specifically, the Magistrate recommended the following: Plaintiff's motion to dismiss (Dkt. No. 12) be found as moot; Plaintiff's motions for injunctive relief (Dkt. Nos. 14, 30) be denied; Defendants' motion for summary judgment (Dkt. No. 48) be denied without prejudice with leave to refile; and Plaintiff's motions for default judgment (Dkt. Nos. 35, 57, 70) be denied. Further, the Magistrate recommended that the Court direct Defendants to refile their motion for summary judgment to include a discussion of whether Plaintiff has exhausted his administrative remedies. On November 16, 2011, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 96).

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff filed this action on February 14, 2011, in the South Carolina Court of Common Pleas for Marlboro County. (Dkt. No. 1-1). Defendants subsequently removed the case to this Court pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1). On April 13, 2011, Plaintiff timely filed an Amended Complaint. (Dkt. No. 18). In his Amended Complaint, Plaintiff named numerous Defendants. However, on October 5, 2011, Plaintiff requested that all Defendants be dismissed with the exception of those listed in the caption above – i.e., Nurse Shelly Stokes, MD Michael J. Beinar, DHO Annie Mae Sellars, and Officer Timothy David. (Dkt. No. 83). Thus, the Court only considers Plaintiff's Amended Complaint and the parties' various motions as they pertain to Plaintiff's allegations against these remaining Defendants.

At the outset, the Court notes that Plaintiff has filed an inordinately large number of documents, with various titles, with the Court since the case was removed, and the Court often has struggled to understand the meaning of such documents and what relief Plaintiff was requesting therein. Many of Plaintiff's filings are full of what other courts have referred to as "buzzwords," but Plaintiff's filings rarely make reasoned legal arguments. Other courts have discussed the difficulty of responding to such filings. *See, e.g., Rochester v. McKie*, No. 8:11-797, 2011 WL 2671228, at *1 (D.S.C. July 8, 2011) (citing *Yocum v. Summers*, No. 91-3648, 1991 WL 171389, at *1 (N.D. Ill. Aug. 30, 1991) ("What [Plaintiff] has filed is truly impenetrable – it *sounds* like a legal document in some respects, but it cannot pass muster as any kind of reasoned filing. It is gibberish in legal terms.")). While the Court has liberally construed Plaintiff's pleadings as required in all *pro se* actions, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court cannot construct Plaintiff's legal arguments for him. *Small v. Endicot*, 998 F.2d 411, 417-18 (7th Cir. 1993). As held by the Fourth Circuit, courts are not required to "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (1985). After reviewing the record, the Court finds that no genuine issue of material fact exists as to Plaintiff's claims against Defendants, and, as discussed below, Defendants are entitled to summary judgment.

I. **Pending Motions Other Than Defendants' Motion for Summary Judgment**

Before reaching Defendants' motion for summary judgment, the Court will address the other motions currently pending in this case.[1] First, on March 30, 2011, Plaintiff filed a motion

---

[1] The Court notes that Plaintiff did not file any specific objections to the Magistrate's recommendations as to the disposition of these motions. (*See* Dkt. No. 96). Rather, Plaintiff's objections appear to relate only to Defendants' motion for summary judgment and the Magistrate's suggestion that Plaintiff may not have exhausted his administrative remedies. (*See id.*). Thus, the Court is not required to give any explanation for adopting the recommendation of

3

to dismiss, stating that he would like to "request that this action be dismiss [sic] as a matter of law." (Dkt. No. 12). On April 18, 2011, Defendants filed a response in support of Plaintiff's motion to dismiss. (Dkt. No. 24). On April 25, 2011, Plaintiff filed a reply to Defendants' response, and Plaintiff stated that the Court should *not* dismiss this action. (Dkt. No. 27). Thus, the Court now denies as moot Plaintiff's motion to dismiss.

Next, Plaintiff filed at least two motions for injunctive relief. (*See* Dkt. Nos. 14, 30). On April 6, 2011, Plaintiff filed a motion for preliminary injunction, stating that "a perminent [sic] TRO, restraining order against some of Defendants' subordinates may be needed." (Dkt. No. 14). Plaintiff identified "A. Graves" and "Goldsberg" as individuals whom the Court may need to restrain. (*Id.*). Because, *inter alia*, these individuals are not parties to this suit, this motion is denied.[2] Next, on April 28, 2011, Plaintiff filed a motion for a temporary restraining order. (Dkt. No. 30). In his motion and the documents which seem to relate to this motion,[3] Plaintiff requests various forms of injunctive relief, including: (1) to enjoin officers and others from engaging in retaliatory conduct; (2) to enjoin officials from interfering with Plaintiff in any "discriminatory or retali[a]tory or har[]assment way"; (3) to restrain all officials working on the yard from any and all actions of harassment and from hindering or preventing Plaintiff access to the education building; (4) to remove any restrictions to Plaintiff receiving medical treatment; (5) to order that treatment only be given by particular nurses; (6) and to order that DHO hearing

---

the Magistrate with regard to these other pending motions. *See Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Nevertheless, the Court will briefly explain the basis for its ruling.

[2] On April 8 and April 13, 2011, Plaintiff filed what appears to be proposed Orders granting this motion for injunction. (*See* Dkt. Nos. 15 and 17). These proposed orders provide for injunctive relief against various individuals, including Defendants. However, neither the allegations in the motion nor the assertions in the proposed orders establish that Plaintiff is entitled to injunctive relief.

[3] This Court, like the Magistrate Judge, has reviewed the various filings submitted by Plaintiff which seem to relate to his request for a temporary restraining order. (Dkt. Nos. 14, 15, 16, 17, 23, 30, 31, 34).

4

tapes #38 and #39 be released and to allow Plaintiff adequate time to listen to them. The Court agrees with the Magistrate that Plaintiff has not established that he is entitled to a temporary restraining order or to any of the injunctive relief requested.

To obtain a temporary restraining order or a preliminary injunction, a plaintiff must establish four elements: (1) that plaintiff is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of relief, (3) that the balance of equities tips in his favor, and (4) that the injunction or temporary restraining order is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (setting forth elements which must be established to obtain a preliminary injunction); *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D.Va. 2006) (holding that the standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction). Here, the Plaintiff's filings do not establish any of these elements. This Court, like the Magistrate Judge, finds no evidence supporting Plaintiff's claims for retaliation, discriminatory treatment, or medical exigency. Plaintiff's requests for injunctive relief constitute an improper attempt by Plaintiff to substitute his judgment for that of the prison officials and prison medical staff. Because Plaintiff has failed to establish any of the prerequisites for a temporary restraining order, Plaintiff's motion (Dkt. No. 30) is denied.

Plaintiff also filed three motions for default judgment. (*See* Dkt. Nos. 35, 57, 70). As explained in the Magistrate's Report and Recommendation, Defendants timely removed Plaintiff's original Complaint and then timely filed an answer. (Dkt. No. 91 at 12-13). Further, Defendants timely filed an answer to Plaintiff's Amended Complaint. (*See* Dkt. No. 32). Thus, Plaintiff is not entitled to a default judgment, and Plaintiff's motions (Dkt. Nos. 35, 57, 70) are denied.

## II. Defendants' Motion for Summary Judgment

On June 13, 2011, Defendants filed a motion for summary judgment, arguing that Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims against them in the Amended Complaint. (Dkt. No. 28). In her Report and Recommendation, the Magistrate Judge points out that Defendants raised a defense based on Plaintiff's failure to exhaust his administrative remedies in their answer but did not address this issue in the motion for summary judgment. (Dkt. No. 91 at 11-12). Thus, the Magistrate Judge recommended that the Court deny Defendants' motion for summary judgment without prejudice and with leave to refile to provide the parties an opportunity to address the issue of exhaustion. (*Id.*). However, the Court, as discussed below, finds that Defendants are entitled to summary judgment based on their existing arguments. Thus, the Court finds it unnecessary to request further briefing on the exhaustion issue.

### a. Summary Judgment Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the nonmoving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1).

### b. Discussion

Many of the allegations in Plaintiff's Amended Complaint relate to individuals who are no longer Defendants in this suit. (*See generally* Dkt. No. 18). With regard to the Defendants in this suit, the Amended Complaint alleges that that Plaintiff "was unlawfully confined by [Defendant] Sellars due to a falsified incident report of [Defendants] T-David and Nurse Shelly Stokes as a retaliation due to [Plaintiff] seeking redress because of [Defendant] Stokes depriving him of his certain minimum level of medical treatment." (*Id.* at 4). Specifically, Plaintiff alleges that he was confined to "punitive segregation." (*Id.*). Plaintiff also alleges that his due process rights were violated during the disciplinary proceeding that resulted from the allegedly falsified incident report. (*Id.* at 5). Finally, Plaintiff alleges that he suffers from various medical

problems and symptoms (*id.* at 7-9), and that Defendants have shown deliberate indifference to his serious medical needs, going so far as to allege: "I have not been given any medical treatment . . . ." (*Id.* at 7). Plaintiff also alleges that he has been "deprived of sick call attention on many occassions [sic]." (*Id.* at 11). While apparently not alleged in the Amended Complaint, Plaintiff has alleged in other filings that Defendant Stokes has deprived Plaintiff of certain medication. (*See, e.g.*, Dkt. No. 31 at 1). After considering all of Plaintiff's allegations and the applicable law, the Court finds that Defendants are entitled to summary judgment.[4]

First, Plaintiff is barred from pursuing his claim that his disciplinary proceeding was based on a falsified report and violated his due process rights. Although Plaintiff has significant appellate rights with regard to an inmate disciplinary action pursuant to *Al-Shabazz v. State*, 527 S.E2d 742 (S.C. 2000) and *Furtick v. South Carolina Dep't of Corr.*, 649 S.E.2d 35 (S.C. 2007), Plaintiff apparently has not taken advantage of such rights with regard to the relevant disciplinary proceeding. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court held that *Heck v. Humphrey*, 512 U.S. 477 (1994), applies to challenges to the procedures utilized in inmate disciplinary proceedings. In *Heck*, the Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* Thus, "punishment for infractions [of the inmate disciplinary system] cannot be reviewed by this Court under 42 U.S.C. § 1983 until the plaintiff has won a reversal or expungement of the

---

[4] Apparently Plaintiff did not make any specific allegations against Defendant Beinar in the Amended Complaint. (*See generally* Dkt. No. 18). Thus, Defendant Beinar is certainly entitled to summary judgment.

administrative decision. This Court cannot indulge in collateral attacks on facially valid prison disciplinary proceedings." *Nicholas v. Cann*, No. 9:01-4480, 2002 WL 31996019, at *3 (D.S.C. June 24, 2002); *see also Nicholas v. White*, No. 8:05-1232, 2006 WL 2583765, at *4-5 (D.S.C. Sept. 7, 2006); *Kerr v. Orellana*, 969 F.Supp. 357, 358 (E.D.Va.1997). Because Plaintiff has not won a reversal or expungement of the disciplinary decision which he now challenges, Plaintiff's claims regarding this disciplinary proceeding are barred.[5]

Next, Defendants are entitled to summary judgment on Plaintiff's claims relating to his confinement to punitive segregation. A reclassification of a prisoner's confinement status does not give rise to a claim of a constitutional violation unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 472 (1995). The Fourth Circuit has held that "[a]dministrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure." *Joseph v. Gillespie*, 73 F.3d 357 (4th Cir. 1995) (Table). Here, Plaintiff has not alleged any facts which would establish that his punitive segregation implicated due process rights. Further, even if Plaintiff could establish that the punitive confinement imposed "atypical and significant hardship," Plaintiff has not established that any of his due process rights, as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), were violated.

Finally, Defendants are entitled to summary judgment on Plaintiff's claim that Defendants were deliberately indifferent to a serious medical need. Plaintiff's allegations make it clear that Plaintiff disagrees with the decisions of the prison medical staff regarding his

---

[5] Further, there is no evidence in the record that Plaintiff's due process rights were violated during the disciplinary proceeding. To the contrary, documents filed by Defendants indicate that all of the due process protections required by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974), were observed for purposes of Plaintiff's disciplinary proceeding. (*See* Dkt. No. 48-6).

treatment, but this is insufficient to establish a constitutional violation. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976). A health care provider's method of diagnosis and choice of treatment of an inmate is not subject to judicial review. *Peterson v. Davis*, 551 F. Supp. 137, 146 (D.Md. 1982), *aff'd by* 729 F.2d 1453 (4th Cir. 1984). Also, deliberate indifference is a very high standard, and a showing of mere negligence will not meet it. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Plaintiff's allegations regarding his medical treatment do not meet the very high standard of deliberate indifference. Furthermore, the affidavits and medical records submitted by Defendants in support of their motion for summary judgment demonstrate that Plaintiff has received continuous and frequent medical treatment during his incarceration. (*See* Dkt. Nos. 48-2 through 48-5). In determining whether a prisoner has received adequate medical treatment, this Court is entitled to rely on the affidavits of medical personnel. *Bennett v. Reed*, 534 F. Supp. 83, 87 (E.D.N.C. 1981), *aff'd by* 676 F.2d 690 (4th Cir. 1982).

## Conclusion

For the foregoing reasons, the Court grants Defendants' motion for summary judgment. (Dkt. No. 48). Further, the Court denies as moot Plaintiff's motion to dismiss (Dkt. No. 12), denies Plaintiff's motions for injunctive relief (Dkt. Nos. 14, 30), and denies Plaintiff's motions for default judgment (Dkt. Nos. 35, 57, 70).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 22, 2012
Charleston, South Carolina